IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT K. STEWART,            )
                              )
        Plaintiff,         )
                              )
        v.                 )        1:15CV315
                              )
MOORE COUNTY SHERIFF'S        )
DEPARTMENT, et al.,           )
                              )
        Defendant(s).      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis* and a request for counsel. Petitioner subsequently filed a Supplement to the *in forma pauperis* application and the request for counsel. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

2. Plaintiff has not named proper defendants or given sufficient addresses for them to be served. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Rather than name particular persons, he names the Moore County Sheriff's Department and a hospital.

3. Plaintiff does not appear to state any viable claim for relief. Some of Plaintiff's allegations concern the collection of evidence in his criminal cases and may be an attempt to attack his criminal convictions. Plaintiff is not permitted to do this without first showing that such convictions have been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Further, all of the allegations in the Complaint took place approximately six years ago. Therefore, the claims appear barred by the applicable three-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Here, Plaintiff alleges deficient medical treatment and a failure to perform and record certain medical tests. These actions would have been known to Plaintiff at or near the time of their occurrence.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

As for Plaintiff's Motion for Appointment of Counsel, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, court assistance in obtaining counsel constitutes "a matter within the discretion of the District

2

Case 1:15-cv-00315-LCB-JEP   Document 9   Filed 07/28/15   Page 2 of 4

Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In this regard, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

After reviewing the present case in light of these standards, the Court concludes that Plaintiff has set out the basis for his claims and does not lack the capacity to present those claims. In addition, the Court does not find exceptional circumstances given the nature of the claims and the issues noted above. If circumstances change, the Court can revisit the matter.

The Court also notes that Petitioner apparently attempted to serve his *pro se* Complaint on the named Defendants without obtaining a proper Summons signed by the Clerk and bearing the Court's seal, as required by Federal Rule of Civil Procedure 4(a)(1). One of the Defendants has filed a request for an extension of time to raise those issues. That request will be granted to the extent that service has not been properly made

3

and no response is required. If Plaintiff files his claims properly and is granted leave to proceed *in forma pauperis*, the Court at that time will authorize issuance of summonses.

At this time, *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel [Doc. #3] is denied and that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS FURTHER ORDERED that Defendant's Motion for Extension of Time [Doc. #6] is GRANTED and the named defendants need not file an answer or other responsive pleading unless Plaintiff files his claims properly and the Court grants leave to proceed *in forma pauperis* and authorizes issuance of summonses.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 28th day of July, 2015.

                                               /s/ Joi Elizabeth Peake
                                               United States Magistrate Judge